IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00014-PAB-3

UNITED STATES OF AMERICA,

        Plaintiff,

v.

3.     JAMARIUS JONES,

        Defendant.

_____

### UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE
_____

COMES NOW the United States of America, by and through United States Attorney Cole Finegan and Assistant United States Attorney Kurt J. Bohn, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), and moves this Court to enter a Preliminary Order of Forfeiture.

**I.    Factual Background**

1.    On January 18, 2022, the grand jury charged defendant Jamarius Jones by Superseding Indictment with: Interference with commerce by threats or violence in Count One, in violation of 18 U.S.C. §§ 1951(a) and 2; and possession of a firearm during and in relation to a crime of violence in Count Four, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Doc. 45).

2.    In the Superseding Indictment the United States also provided the defendant Jamarius Jones with notice, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, that the United States would seek forfeiture of any and all of the

defendant's right, title and interest in all property constituting and derived from any proceeds obtained directly and indirectly as a result of such offense, and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense, including, but not limited to: a money judgment in the amount of proceeds obtained by the defendant. (Doc. 45 at 3).

3. On February 1, 2022, the United States and defendant Jamarius Jones entered into a Plea Agreement. The Plea Agreement provides, *inter alia*, that the defendant agreed to plead guilty to Count One, Interference with Commerce by Threats or Violence, in violation of 18 U.S.C. §§ 1951(a) and 2 of the Superseding Indictment.

4. The defendant also agreed to the forfeiture allegation contained within the Superseding Indictment. Specifically, the defendant agreed to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 2641, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant, the defendant's nominees, or elsewhere. The defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send notice in non-judicial civil forfeiture matters. Having been advised of said rights regarding notice, the defendant hereby knowingly and voluntarily waives his/her rights to notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to him/her if notice is not sent within the prescribed time frames. The defendant further agrees to the forfeiture of any substitute assets up to the value of any property described above pursuant to 21 U.S.C. § 853(p) and Federal Rules of Criminal

Procedure 32.2(e). Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture. The assets to be forfeited include forfeiture of his interest in all property that may constitute or is derived from proceeds of his commission of or involvement or participation in the charged interference with commerce by threats or violence, including a money judgment in the amount of $359,000.00, corresponding to the total amount obtained as a result of the interference with commerce by threats or violence specified in Count One. (Doc. 55).

II.     **Legal Analysis**

5.     Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as soon as practicable after a plea of guilty. When a personal money judgment is sought, "the court must determine the amount of money the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A).

6.     Once the property is determined to be subject to forfeiture, the Court "must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment." Fed. R. Crim. P. 32.2(b)(2)(A). The Court's determination may be based on any plea agreement, any other evidence already in the record, and any other additional evidence submitted by the parties that the Court deems relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B).

7.     It is mandatory that the Preliminary Order of Forfeiture is entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant." Fed. R. Crim. P. 32.2(b)(2)(B).

8.     As set forth in the Plea Agreement, defendant Jamarius Jones along with co-defendants Jimmy Garrison, David Taylor, and Justin White were involved in the robbery of an armored Brinks truck driver outside of First Colorado Bank located at 5201 S. Yosemite in Englewood, Colorado on October 30, 2019. During the robbery, the defendants obtained $359,000.00. Defendant Jamarius Jones flew from Texas to Denver International Airport for the express purpose of aiding the codefendants in committing the robbery. In the days prior to the robbery, the defendant and the three men (including the two codefendants) agreed to follow armored trucks in Denver in order to determine if there was an opportunity to commit a robbery. Throughout this surveillance, the defendant drove a Nissan Maxima and was in communication with the three codefendants by cellular phone. On October 30, 2019, the defendant and codefendants noticed the Brinks truck and victim, and agreed to commit the robbery. On the morning of the robbery, the defendant aided the other three men codefendants by pumping gas into the stolen pathfinder, leaving DNA on the gas cap of the vehicle. Prior to and during the robbery the three codefendants (not the defendant) in the pathfinder were armed with functional firearms. As agreed, after the robbery, the defendant drove the Maxima to a prearranged location. At that location, the four men abandoned the stolen pathfinder, and the defendant and codefendants drove away with the money and

firearms. The actions taken by the defendant was for the express purpose of helping the codefendants avoid detection by law enforcement. The defendant was given a portion of the proceeds from the robbery as a result of his actions. Defendant Jamarius Jones assisted in picking the place to rob, drove them to and from the robbery. After the robbery, the defendant was given a portion of the proceeds from the robbery as a result of his actions. Accordingly, a money judgment in the amount of $359,000.00 which could include joint and several liability for some or all of the amount with other as yet uncharged co-conspirators of the total funds obtained as a result of the robbery $359,000.00 should be entered against defendant Jamarius Jones. (ECF Doc. 55, p. 6-7).

9.  Pursuant to 18 U.S.C. § 981(a)(1)(C), any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of the commission of the offense shall be forfeited. Therefore, a forfeiture money judgment in the amount of $359,000.00, which could include joint and several liability for some or all of the amount with other as yet uncharged co-conspirators, should be entered against the defendant pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture tendered herewith, for the reasons set forth above.

DATED this 10th day of May 2022.

Respectfully submitted,

COLE FINEGAN

                United States Attorney

By:   <u>s/ Kurt J. Bohn</u>
       Kurt J. Bohn
       Assistant U.S. Attorney
       U.S. Attorney's Office
       1801 California Street, Suite 1600
       Denver, Colorado 80202
       Telephone: (303) 454-0100
       E-mail: kurt.bohn@usdoj.gov
       *Attorney for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of May, 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record.

s/ *Charisha Cruz*
Paralegal Specialist
Office of the U.S. Attorney