IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00014-PAB-3

UNITED STATES OF AMERICA,

    Plaintiff,

v.

3.   JAMARIUS EARL JONES

    Defendant.

## UNITED STATES' RESPONSE TO DEFENDANT OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT [ECF 77]

The United States, through the undersigned Assistant United States Attorney, hereby submits its Response to Defendant Jamarius Jones' Objection to the Presentence Investigation Report ("PSR"). [ECF 77.]   The defendant objects to Paragraph 40 of the PSR, adding a 5-level enhancement under § 2B3.1(b)(2)(C) for possessing a firearm during the robbery.   In short, the defendant argues he never possessed a gun during the robbery and was unaware guns were involved until he picked the codefendants up in a getaway "switch" vehicle immediately after the crime. [ECF 77 at p. 1.]   The Government respectfully requests that the objection be overruled.

## APPLICABLE LAW

The Sentencing Guidelines instruct courts to determine a defendant's sentence based on "relevant conduct," which is defined as:

(A)  all  acts  and  omissions  committed,  aided,  abetted,  counseled,

> commanded, induced, procured, or willfully caused by the defendant; and (B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

U.S.S.G. § 1B1.3(a)(1).

"This definition applies to the 5-level enhancement that applies when 'a firearm was brandished or possessed' during a robbery. U.S.S.G. §§ 1B1.3(a)(ii); 2B3.1(b)(2)(C). It plainly allows liability for aiding and abetting, as well as for reasonably foreseeable acts of co-conspirators." *United States v. Newman,* 80 Fed. Appx. 52, 53-54 (table) (10th Cir. 2003).

## ARGUMENT

Common sense dictates that the defendant was actually aware of the codefendants' possession of a firearm or firearms when he flew from Texas for the express purpose of aiding codefendants in the robbery of an armored truck, and then continued to aid and abet the codefendants up to the moment of the robbery. [ECF 55 at p. 6.]   However, the "reasonably foreseeable" standard does not require proof of <u>actual</u> knowledge on the defendant's part that any of the three codefendants had a gun or intended to use those guns in the robbery. *See United States v. Stewart,* 1997 WL 471730, *1 (D. Kan. July 30, 1997) *citing United States v. Dixon*, 982 F.2d 116, 120 (3d Cir. 1992) (applying enhancement and holding there was no requirement that defendant knew the precise means that his codefendant would use in making a threat of harm credible enough to accomplish a bank robbery); *accord United States v. Lasseque,* 806 F.3d 618, 624 (1st

Cir. 2015*)* ("[t]he question is not whether [defendant] had actual knowledge of the gun prior to the robbery, but whether he knew of the impending robbery and whether it was reasonably foreseeable that [codefendant] would possess or brandish a weapon during its commission"); *United States v. Montes-Fosse*, 824 F.3d 168, 171 (1st Cir. 2016) (holding proper inquiry is whether the district court could find, by a preponderance of the evidence, that it was reasonably foreseeable to defendant that codefendant would brandish or possess a weapon during the robbery of a postal worker; "not whether [defendant] had actual knowledge of the gun prior to the robbery"); *United States v. Burkey,* 1996 WL 633512, *2 (D. Kan. July 29, 1996) (holding enhancement should apply in a bank robbery because "it was clearly foreseeable to the defendant that his co-defendants would possess a firearm.")

Accordingly, the salient question for the Court is whether the codefendant's' use of weapons in committing the robbery of the Brinks armored truck for $359,000 was reasonably foreseeable; not whether the Government can prove the defendant's actual knowledge of the existence of the firearms.

The stipulated facts in the plea agreement, alone, satisfy this standard. The defendant stipulated that the codefendants used firearms in the robbery.

> On October 30, 2019, at 5201 S. Yosemite, Englewood, Colorado, outside of the First Colorado Bank, an armored Brinks truck driver was robbed at gunpoint by three masked and gloved individuals holding functional firearms and zipties. Three individuals (including the two codefendants) jumped out of a stolen pathfinder with guns, zipties and an empty bag, got into the truck, stole $359,000 out of the back of the Brinks truck, and drove off in a stolen Nissan Pathfinder. The victim was ordered to the ground during the robbery. The three robbers then drove the pathfinder several blocks away to meet the defendant in a Nissan Maxima. The three men and the

defendant then drove away with the money.

[ECF 55 at p. 6.]   The defendant then stipulated as follows,

> Prior to the robbery, the defendant flew from Texas to Denver International Airport for the express purpose of aiding the codefendants in committing the robbery.   In the days prior to the robbery, the defendant and the three men (including the two codefendants) agreed to follow armored trucks in the Denver metro area in order to determine if there was an opportunity to commit a robbery.   Throughout this surveillance, the defendant drove a Nissan Maxima and was in communication with the three men (including two codefendants) by cellular phone.   On October 30, 2019, the defendant and codefendants noticed the Brinks truck and victim, and agreed to commit the robbery.
>
> On the morning of the robbery, the defendant (who was not masked) aided the other three men (including two codefendants) by pumping gas into the stolen pathfinder, leaving DNA on the gas cap of the vehicle.   Police later swabbed that gas cap and a DNA profile obtained from that gas cap matched the DNA profile from a swab taken from the defendant.
>
> Prior to and during the robbery the three men (including two codefendants) in the pathfinder were armed with functional firearms.   As agreed, after the robbery, the defendant drove the Maxima to a prearranged location.   At that location, the four men abandoned the stolen pathfinder, and the defendant and codefendants drove away with the money and firearms. The actions taken by the defendant was for the express purpose of helping the codefendants avoid detection by law enforcement.   The defendant was given a portion of the proceeds from the robbery as a result of his actions.

[*Id.* at pp. 6-7.]   Thus, the defendant admits to planning and aiding the robbery of the armored truck, being instrumental in the codefendants' escape, and benefitting from the robbery.

Here, even assuming the defendant somehow planned this robbery without actual knowledge that the codefendants were armed, clearly possession and use of firearms were reasonably foreseeable due to the nature of the robbery.   Indeed, one could scarcely imagine how a group of unarmed coconspirators could accomplish the robbery

of an armored Brinks truck with, presumably, an armed driver, for $359,000. Accordingly, the objection should be overruled.

DATED this 19TH day of May, 2022.

COLE FINEGAN
United States Attorney

s/ Brian Dunn
BRIAN DUNN
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Telecopier: (303) 454-0403
E-mail: Brian.Dunn@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on May 19, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

      s/ *Brian Dunn*
BRIAN DUNN
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Telecopier: (303) 454-0403
E-mail: Brian.Dunn@usdoj.gov