IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 21-cr-00014-PAB-3

UNITED STATES OF AMERICA,

    Plaintiff,

v.

3.  JAMARIUS JONES,

    Defendant.

_____

**ORDER**
_____

The matter before the Court is defendant Jamarius Jones's letter regarding receiving an amended copy of the judgment against him in this case [Docket No. 242].[1] On February 18, 2022, Mr. Jones pled guilty to one count of interference with commerce by threats or violence, in violation of 18 U.S.C. §§ 1951(a) and 2. Docket No. 55 at 5. On May 27, 2022, the Court sentenced Mr. Jones to a term of "[s]eventy-eight (78) months, to be served concurrent with the sentence imposed in United States District Court, Eastern District of Texas, Docket No. 1:20-cr-00012-MAC-ZJH (4)", followed by a term of supervised release for "[t]hree (3) years, concurrent with the term imposed in U.S. District Court, Eastern District of Texas, Docket No. 1:20-cr-00012-MAC-ZJH (4)." Docket No. 97 at 2–3.

---

[1] Because Mr. Jones is proceeding pro se, the Court construes his filings liberally without serving as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In his letter, Mr. Jones requests that "the court send me a new judgment" that "specifically stat[es] the 78 months to be served concurrent with the sentence imposed on September 25, 2020, in [the] Eastern District of Texas, Docket No:1:20-cr-00012-MAC-ZJH(4)." Docket No. 242 at 1. Mr. Jones asserts that, because the judgment states only that the sentence is to run concurrently with the one imposed by the federal district court in Texas, but "did not specifically state the earliest date September 25, 2020," which is the date Mr. Jones began serving his federal sentence imposed in the Eastern District of Texas, Mr. Jones is "unable to receive 610 days [of] jail credits." *Id.* Mr. Jones further requests a certified copy of the judgment. *Id.* The government responded to Mr. Jones's letter, opposing the relief he requests. Docket No. 251. Because Mr. Jones's letter requests that the Court send him a certified copy of an amended judgment, the Court construes the letter as a motion to amend the judgment.

Mr. Jones may be making two arguments. First, Mr. Jones may be asking the Court to amend the judgment in this case to clarify that Mr. Jones's sentence in this case commenced on the date Mr. Jones was sentenced by the court in the Eastern District of Texas. Mr. Jones asserts that he began to serve his sentence in that case on September 25, 2020. Docket No. 242 at 1. Mr. Jones appears to argue that he is entitled to credit for the 610 days between his sentencing in the Texas case and the date he was sentenced in this case. *See* Docket No. 242 at 1. Alternatively, Mr. Jones may be arguing that the Court erred during sentencing by not reducing his sentence by 610 days. Because Mr. Jones did not file an appeal in this case, such arguments would be a collateral attack on his sentence. However, the Tenth Circuit has cautioned against construing a defendant's arguments as collateral attacks on their sentence

2

because of the consequences such a construction might have on a defendant's ability to collaterally attack his sentence in the future.  *See United States v. Anaya*, 736 F. App'x 205, 206 (10th Cir. 2018) (unpublished) (citing *Davis v. Roberts*, 425 F.3d 830, 835 (10th Cir. 2005)).  Accordingly, the Court declines to construe Mr. Jones's motion as a collateral attack on his sentence and will instead construe it as a motion to clarify the Court's judgment.

Federal Rule of Criminal Procedure states that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  "The standard of review in this circuit for Rule 36 motions is unclear." *United States v. Kieffer*, 702 F. App'x 734, 738 (10th Cir. 2017) (unpublished) (citing *United States v. Gardner*, 601 F. App'x. 717, 719–20 (10th Cir. 2015) (unpublished) ("We have found no published Tenth Circuit decisions outlining the proper standard of review for such a claim.")). "Regardless, Rule 36 does not empower a court to substantively modify a sentence." *Id.* (citing *United States v. Gutierrez*, 401 F. App'x 378, 380 (10th Cir. 2010) (unpublished)).  The Advisory Committee's note to Rule 36 states that "[t]he rule is similar to rule 60(a) of the Federal Rules of Civil Procedure."  Fed. R. Crim. P. 36 advisory committee's note to 1944 amendment.  Federal Rule of Civil Procedure 60(a) "may be relied on to correct what is erroneous because the thing spoken, written, or recorded is not what the person intended to speak, write, or record." *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989) (emphasis and citation omitted).  "Rule 60(a) may not be used to change something that was deliberately done

even though it was later discovered to be wrong." *Id.* (citing *Security Mut. Casualty Co. v. Century Casualty Co.*, 621 F.2d 1062, 1065 (10th Cir. 1980)).

The issue of whether Mr. Jones's sentence should run consecutively or concurrently with his Eastern District of Texas sentence was discussed at sentencing. The plea agreement estimates that Mr. Jones's Criminal History Category is III, the offense level is 26, and his guideline range is 78 to 97 months. Docket No. 55 at 8. The plea agreement further states that "[t]he government agrees to recommend a bottom of the guideline sentence for Count 1 of the Superseding Indictment, to run concurrent with [Mr. Jones's] remaining federal sentence in case 20-cr-12 (Dist Texas)." *Id.* at 2. At sentencing, the probation office recommended that Mr. Jones receive a sentence of 38 months to run consecutively to Mr. Jones's Texas sentence, which accounted for the 40 months Mr. Jones had served for his Texas sentence. Docket No. 131 at 7:16–24. Counsel for Mr. Jones stated at sentencing, "I believe the 38-month sentence which would not start until he is done with his Texas sentence is a fair approximation of what we had intended given the efforts that Mr. Jones made in this case" and that "I believe that's the appropriate sentence and that's the sentence we would ask for." *Id.* at 10:20–11:2. Counsel for Mr. Jones further stated, "I have explained it to [defendant]. He understands, as well as do his parents." *Id.* at 11:2–3.

The government stated that it was "asking for the bottom of the [sentencing] guidelines of 78 months to run concurrent with his remaining sentence in Case 20-CR-12 in the District of Texas." *Id.* at 12:12–15. When asked whether sentencing Mr. Jones to 78 months concurrently or 38 months consecutively would be different means to the same end, the government clarified that, at the time of sentencing, Mr. Jones had

4

12 months remaining on his Texas sentence. *Id.* at 13:9–23. The government stated that, "[i]f we were to use that mechanism by running the 78 months concurrent to the 12 months remaining, I think the consecutive time would be 66 months." *Id.* at 14:3–5. The Court agreed with the government that this would be the consequence of running the sentences concurrently. *Id.* at 14:6–7. The Court also agreed to follow the government's approach and sentenced Mr. Jones to 78 months to run concurrent to his Texas sentence. *Id.* at 22:18–25. In light of the sentencing proceedings and the express language of the plea agreement, whereby the government agreed to recommend a sentence "to run concurrent with [Mr. Jones's] *remaining* federal sentence in case 20-cr-12 (Dist Texas)," the judgment is clear. Docket No. 55 at 2 (emphasis added). Mr. Jones was sentenced to 78 months imprisonment to run concurrent with the time remaining on his Texas sentence. Accordingly, the amendment to the judgment that Mr. Jones seeks would not correct a clerical error, but rather would substantively modify a sentence. Rule 36 does not empower the court to modify his sentence in this way. *Kieffer*, 702 F. App'x at 738. Because Mr. Jones is not entitled to relief under Rule 36, because he does not provide other authority that would allow the Court to modify the judgment, and because the Court declines to interpret his motion as a collateral attack on his sentence, the Court will deny Mr. Jones's motion.

     For the foregoing reasons, it is

**ORDERED** that defendant Jamarius Jones's letter [Docket No. 242], construed as a motion to amend the judgment, is **DENIED**.

DATED March 17, 2025.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge